# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRED JOSEPH STECHER, JR.,<br><br>Defendant. | Case No. CR 2:20-391-RGK<br><br>**ORDER OF DETENTION** |

On September 10, 2020, Defendant Fred Joseph Stecher, Jr. made his initial appearance on the Indictment in this matter. Defendant is represented by Jonathan M. Lynn. A detention hearing was held.

The government sought a detention hearing pursuant to 18 U.S.C. § 3142(f), alleging that the case involves (1) an offense for which the maximum sentence is life imprisonment or death; (2) any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous

weapon, or involves a failure to register under 18 U.S.C. § 2250; and (3) a serious risk that the defendant will flee.

The Court finds pursuant to 18 U.S.C. § 3142(e) that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance as required and the safety of any person or the community, as the Government alleges that the offense involves a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

The Court has considered: (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. *See* 18 U.S.C. § 3142(g). The Court has also considered the Indictment, the Report and Recommendations of Detention prepared by the U.S. Pretrial Services Agency on September 10, 2020, and the arguments of counsel at the detention hearing.

The Court finds that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

The Court bases its conclusions on the following: Defendant is charged with three counts of distribution and one count of receipt of child pornography. One video that Defendant is charged with knowingly distributing is titled "4yoBJdad.mp4." According to Pretrial Services, the government alleges that Defendant discussed the types of children he likes, including gender, age, body type, and preferred sex acts, and that hundreds of

messages with various other individuals interested in children were found. Records obtained by the Pretrial Services Agency indicate that Defendant was convicted in 2012 of possessing obscene matter depicting a minor in sexual conduct, and thus was a registered sex offender when he allegedly committed the instant offenses.  Additionally, as stated above, there is a rebuttable presumption in this case of danger and flight.   At the hearing, Defendant proffered information about bail resources that, if available, could rebut the presumption regarding risk of flight.  The evidence proffered by Defendant does not, however, rebut the presumption of dangerousness.  The presumption of dangerousness remains as an evidentiary finding militating against release, which the Court has weighed along with other evidence relevant to the factors listed in 18 U.S.C. § 3142(g).  All of this establishes by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, specifically minors.

    IT IS THEREFORE ORDERED that the Defendant be detained until trial.  The Defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the

corrections facility in which Defendant is confined will deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. *See* 18 U.S.C. § 3142(i).

Dated: September 17, 2020

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE